**EXHIBIT A**

COMMONWEALTH OF KENTUCKY
JEFFERSON COUNTY CIRCUIT COURT
CASE NO. _____
JUDGE: _____

*Electronically Filed*

**KEYA CHUNN**                                                                    **PLAINTIFF**
3440 Imperator Lane, Apt 103
Louisville, KY 40245

    -vs-            **COMPLAINT WITH JURY DEMAND**

**NORTON HOSPITALS, INC.**                                          **DEFENDANT**
d/b/a Norton Audubon Hospital
c/o Robert Azar
4967 US Highway 42, Suite 101
Louisville, KY 40222

*JURY FEE PAID*

Keya Chunn states the following for her Complaint against Norton Hospitals, Inc.:

## INTRODUCTION

1. This action arose after Defendant Norton Hospitals, Inc. engaged in discriminatory employment practices against a loyal employee who served the company for years without incident until she requested FMLA leave and complained of discrimination. Defendant fosters and environment that discriminates against employees who exercise their rights under the FMLA. When Ms. Chunn stood up to Defendant's blatant discriminatory practices and a culture of discrimination, Defendant unlawfully terminated her.

## PARTIES

2. Plaintiff Keya Chunn ("Ms. Chunn" or "Plaintiff") is a resident of Jefferson County, Kentucky. Plaintiff's claims arose out of an employment relationship with Norton Hospitals, Inc., a Corporation located in Louisville, Kentucky.

Filed        22-CI-002014     04/25/2022       David L. Nicholson, Jefferson Circuit Clerk

3.  Norton Hospitals, Inc. ("Defendant") is a corporation registered with the Kentucky Secretary of State doing business in Jefferson County, Kentucky. Plaintiff worked at Defendant's Norton Audubon Hospital. Defendant employs over 1,000 employees and engages in interstate commerce.

## JURISDICTION AND VENUE

4.  Ms. Chunn states claims under the laws of the Commonwealth of Kentucky. This Court has subject matter jurisdiction over this action because the amount in controversy exceeds the minimum jurisdictional threshold for this Court.

5.  Venue is proper in this Court because the transactions and occurrences and injuries occurred in Jefferson County, Kentucky.

6.  Ms. Chunn has timely filed this action and has complied with all administrative prerequisites to bring this lawsuit.

## BACKGROUND FACTS

7.  Ms. Chunn is an African American female.

8.  Ms. Chunn diligently and competently worked for Defendant for over 4 years.

9.  Ms. Chunn started working as a security officer for Defendant in 2018.

10. Defendant quickly realized Ms. Chunn's potential and promoted her to a senior officer.

11. Ms. Chunn was qualified for her position, and she was able to perform all essential job functions.

Presiding Judge: HON. JESSICA E. GREEN (630423)

12. Ms. Chunn would often receive accolades and praises from her coworkers and supervisors.

13. Defendant habitually provided Ms. Chunn high performance reviews.

14. In 2020, Ms. Chunn was involved in a motor vehicle accident that required her to use FMLA leave and short-term disability.

15. Ms. Chunn was eventually able to return to work.

16. When Ms. Chunn returned to work, she had FMLA leave time remaining.

17. However, in 2021, Ms. Chunn had still not fully recovered, and she needed to take intermittent FMLA for doctor's visits and occasional unbearable pain.

18. Ms. Chunn's health issues were severe and were debilitating.

19. In fact, when Ms. Chunn's herniated discs would flare up, she was unable to complete simple daily tasks such as cooking, cleaning, walking for long periods, and other basic daily tasks.

20. Ms. Chunn's doctor recommended she take intermittent FMLA leave when the pain was debilitating.

21. Ms. Chunn's doctors also wanted her to use intermittent FMLA to attend occasional doctor's appointments to check on her status and progress.

22. Thus, in late April or early May of 2021, Ms. Chunn officially requested intermittent FMLA.

23. Ms. Chunn also requested FMLA leave to care for her disabled son.

24. Ms. Chunn was qualified for FMLA leave and had FMLA leave time remaining.

25. Ms. Chunn provided all certification documentation necessary to receive FMLA leave.

26. All of Ms. Chunn's supervisors were males and most of them were white males.

27. After several altercations within her department, Ms. Chunn complained to HR that she believed she was being discriminated against because of her race and gender.

28. Specifically, Ms. Chunn complained that white men were treated differently than African American females.

29. Defendant would reprimand Ms. Chunn for things her white male counterparts did not get reprimanded for.

30. Ms. Chunn's complaints of discrimination to HR were met with immediate hostility.

31. Defendant's HR failed to conduct any meaningful investigation into Ms. Chunn's complaint.

32. Instead, Defendant terminated Ms. Chunn for a bogus reason.

33. Thus, Defendant terminated Ms. Chunn within weeks of complaining of gender and racial discrimination and within weeks of requesting FMLA leave.

34. Ms. Chunn suffered damages and will continue to suffer damages in the future because of Defendants actions.

## CLAIMS

### COUNT I
**FMLA Retaliation and Discrimination under 29 U.S.C. §§2614-15**

35. Ms. Chunn restates and incorporates all paragraphs.

36. Ms. Chunn requested intermittent FMLA leave for serious and debilitating back issues and other disabilities.

37. Ms. Chunn notified Defendant of the serious health condition that made her temporarily and intermittently unable to perform her essential job functions.

38. Ms. Chunn was qualified for FMLA leave.

39. Defendant retaliated against Ms. Chunn for requesting and taking FMLA leave.

40. Defendant and its managers did not like that Ms. Chunn took FMLA leave.

41. Defendant fosters and environment that highly frowns upon employees taking FMLA leave.

42. Defendant terminated Ms. Chunn because she exercised her rights under the FMLA.

43. Defendant's actions were malicious and in a conscious disregard of the rights of Ms. Chunn.

44. Ms. Chunn suffered damages and will continue to suffer damages because of Defendant's retaliation and discrimination.

45. Ms. Chunn is entitled to all damages and injunctive relief permissible under the FMLA.

## COUNT II
### Racial Discrimination Under KRS §344.

46. Ms. Chunn restates and incorporates all paragraphs.

47. Ms. Chunn is an African American female.

48. Ms. Chunn was at all times qualified for her position.

49. Defendant's conduct created a hostile work environment based on Ms. Chunn's race.

Filed        22-CI-002014    04/25/2022        David L. Nicholson, Jefferson Circuit Clerk

50. In fact, Ms. Chunn's manager would constantly berate her and treat her negatively, but he treated the other non-minority employees differently.

51. Likewise, Ms. Chunn complained to Defendant's HR department regarding racial discrimination and no meaningful actions were taken.

52. Defendant failed to promote Ms. Chunn to the appropriate level as compared to her white counterparts.

53. Defendants' comments and actions would be intimidating, hostile, or offensive to reasonable people.

54. Ms. Chunn was required to endure Defendant's racist culture as a term and condition of her employment.

55. Ms. Chunn suffered emotional distress due to the severe nature of the hostile work environment.

56. Defendant took no prompt remedial action to prevent Defendant's known racially insensitive conduct.

57. Defendant's actions were severe and pervasive.

58. Defendant's actions were willful and in a conscious disregard of the rights of Ms. Chunn.

59. As a direct and proximate result of the discrimination, Ms. Chunn has sustained, and will continue to sustain, economic and emotional injuries.

60. Ms. Chunn is entitled to all damages and injunctive relief permissible under KRS § 344.

61. As a result of Defendant's actions, Ms. Chunn has been harmed.

Presiding Judge: HON. JESSICA E. GREEN (630423)

Filed        22-CI-002014    04/25/2022        6 David L. Nicholson, Jefferson Circuit Clerk

COM : 000006 of 000009

## COUNT III
### Gender Discrimination Under KRS §344.

62. Ms. Chunn restates and incorporates all paragraphs.

63. Ms. Chunn is a woman and a member of a protected class.

64. Ms. Chunn was qualified for her position.

65. Ms. Chunn suffered an adverse employment decision and was discriminated against because of her gender.

66. In fact, Defendant's managers would reprimand Ms. Chunn for things her male counterparts did not get reprimanded for.

67. Ms. Chunn was humiliated, economically damaged, and suffered emotional distress.

68. Defendant acted maliciously and with a conscious disregard for Ms. Chunn's rights.

69. Ms. Chunn is entitled to all damages and injunctive relief permissible under KRS § 344.

## COUNT IV
### Retaliation Under KRS §344

70. Ms. Chunn restates and incorporates all paragraphs.

71. Ms. Chunn made informal and formal complaints to Defendant's agents and employees opposing Defendant's unlawful, discriminatory employment practices based on her gender and race.

72. Ms. Chunn reported Defendant's unlawful behavior to her supervisor and to Defendant's HR department.

73. Ms. Chunn's belief that her managers and supervisors' behavior constituted gender and racial discrimination was reasonable and in good faith.

74. As a result of Ms. Chunn's complaints, Defendant's agents and employees took materially adverse actions against her, including, issuing disciplinary warnings, threats of termination, and reprimands by her supervisors.

75. Defendant's adverse actions constituted retaliatory workplace harassment.

76. Within weeks of complaining about gender and racial discrimination, Defendant terminated Ms. Chunn.

77. Ms. Chunn was humiliated, economically damaged, and suffered emotional distress.

78. Defendant's actions were willful and in a conscious disregard of the rights of Ms. Chunn.

79. As a direct and proximate result of the discrimination, Ms. Chunn has sustained, and will continue to sustain, economic, and emotional injuries.

80. Ms. Chunn is entitled to all damages and injunctive relief permissible under Kentucky law.

**WHEREFORE**, Ms. Chunn respectfully requests that this Court find for her and award her the following:

    a. Compensatory damages;

    b. Reinstatement;

    c. Lost wages and all other compensation denied or lost to Plaintiff by reason of Defendant's unlawful actions;

    d. Statutory damages;

    e. Interest;

    f. Punitive damages;

    g. Attorney fees;

    h. Costs;

    i. Litigation expenses; and

    j. All other relief this Court deems proper.

Respectfully Submitted,

/s/ Robert L. Thompson
Robert L. Thompson (KY: 98791)
THOMPSON LEGAL LLC
10529 Timberwood Circle, Unit B
Louisville, Kentucky 40223
P: 502-366-2121
F: 502-438-9999
Robert@RthompsonLegal.com

## JURY DEMAND

Plaintiff demands a trial by jury on all triable issues.

/s/ Robert L. Thompson
Robert L. Thompson